## A00A2575. REED v. THE STATE.
### (545 SE2d 48)

MILLER, Judge.

Kenneth Mack Reed was found guilty of two counts of armed robbery, one count of aggravated assault, and one count of possession of a firearm during the commission of a crime. In three related enumerations of error, Reed complains that the trial court intimidated him into not testifying at his *Jackson-Denno* hearing to determine the voluntariness of his statement to police.

At the hearing, the colloquy between the court and counsel was as follows:

> [REED'S COUNSEL]: He understands, I believe, that if he takes the stand it's for this hearing only and that his testimony would be strictly limited to whether the statement was freely and voluntarily given.
> THE COURT: That's not the law.
>
> . . .
>
> THE COURT: Harris versus New York, if he takes the stand he's subject to impeachment. If he makes some statement contrary to the ones he's previously made before he could be impeached. I'm just telling you that's not the law.
> [REED'S COUNSEL]: . . . He's not denying the statement, it was made, but he would be trying to explain the circumstances surrounding it.
> THE COURT: That's up to you and your client, whether or not he's impeached is another matter, but he is subject to impeachment if he takes the stand and makes some statement that differs from what statements he's previously made in the past. Even if *Miranda* is violated that does not give one a license to lie. . . . I'm just warning you this testimony in a hearing like this is not necessarily limited to that hearing, it can be used for other purposes.

The court continued to explain that trial counsel could not misstate the law and that Reed had a right to testify and that "so long as he testifies truthfully he should have nothing to worry about." At the end of the discussion, Reed's counsel informed the court that Reed did not wish to testify at the hearing. Reiterating that it was not trying to discourage Reed's testimony, the court then queried Reed whether he wished to testify, whether he understood that he had a right to testify, and whether he understood that he still had a right to testify before a jury. Reed responded that he did not wish to testify

and that he understood his rights.[1]

The court may have misunderstood trial counsel's initial statement that "[Reed's] testimony would be strictly limited to whether [his] statement [to police] was freely and voluntarily given." Nevertheless, the court's explanation that Reed's testimony at the hearing could be used for impeachment purposes at trial is a correct statement of the law. In *Brown v. State*,[2] this court held that where the defendant testified at trial contrary to his testimony at his *Jackson-Denno* hearing, the statements made at the hearing could be used to impeach him.[3] Even though *Miranda* rights have not been observed, statements "excluded from evidence in the prosecution's case-in-chief become admissible for the purpose of impeachment only when the accused takes the stand and testifies differently."[4]

Contrary to Reed's assertions, we hold that the court's statements did not discourage Reed from testifying nor threaten him with perjury charges. Therefore, Reed's enumerations are without merit.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 23, 2001.

*Lloyd J. Matthews,* for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney,* for appellee.

---

[1] The court subsequently found that Reed's statement to police was voluntary, which finding Reed does not enumerate as error.

[2] 226 Ga. App. 140 (486 SE2d 370) (1997).

[3] Id. at 141-142.

[4] Id. at 141, citing *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971) and others.